IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COREY BAINES, <br><br> Plaintiff, <br><br> v. <br><br> FIRST COMMUNITIES MANAGEMENT, INC., <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Corey Baines ("Plaintiff"), and files this Complaint against Defendant First Communities Management, Inc. ("Defendant" or "First Communities"), and shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant and fore retaliation for complaining about not being paid overtime.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant First Communities is a Georgia Domestic Profit Corporation and does business and resides in this district.  The Court has personal jurisdiction over Defendant.  A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Defendant First Communities is a Georgia Domestic Profit Corporation with a principal office at 1200 Lake Hearn Dr. NE, Suite 200, Atlanta, GA, 30319. Defendant First Communities can be served with process by its registered agent: Lauren Giles, C., 202 Tribble Gap Road, Suite 200, Cumming, GA, 30040.

7.

Plaintiff was employed by Defendant as a Leasing Consultant and promoted into a role of Senior Assistant Community Director at Defendant's Lake Hearn Drive (Atlanta) and Rosewood at Brookhaven location which was managed by Stephanie Porter during Plaintiff's employment.  Plaintiff was employed by Defendant from approximately February 25, 2014 to November 29, 2017.

8.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

9.

Throughout Plaintiff's employment with Defendant, Plaintiff was paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 in workweeks.

10.

Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation, at one and one-half times her regular rate, for hours worked in excess of 40 in such weeks.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Defendant is a private employer engaged in interstate commerce, and gross revenue exceeded $500,000 in 2014, 2015, 2016 and 2017.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation during his respective employment period with each employer.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Throughout his employment with employer, Plaintiff was supervised by Stephanie Porter. Plaintiff and Ms. Porter had numerous discussions about the unpaid overtime hours Plaintiff worked during his employment with Defendant.

17.

Employees were directed to "fix" their overtime when it showed up on their time cards.

18.

Throughout his employment with Defendant, Plaintiff's work regularly involved him in interstate commerce. As such, Plaintiff was individually covered under the FLSA throughout his employment with Defendant.

## Count I
## Violations of the Overtime Wage Requirements of the Fair Labor Standards Act

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant's violations of the FLSA were willful and in bad faith.

23.

Defendant knew or showed reckless disregard for the fact their actions,

policies, and/or omissions violated the FLSA.

## Count II
## Violation Of 29 U.S.C. § 215(A)(3) FLSA Retaliation

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminates against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] or has testified or about to testify in any such proceeding or has served or is about to serve on an industry committee.

26.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

27.

Defendant is a "person" under the FLSA prohibited from discharging Plaintiff because he engaged in activity protected under the FLSA.

7

28.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

29.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

30.

Defendant's violations of the FLSA were willful and in bad faith.

31.

Plaintiff engaged in statutorily protected activity under the FLSA by, inter alia, opposing an employment practice he believed was unlawful under the FLSA.

32.

Plaintiff suffered an adverse employment action as a result of his statutorily protected conduct, to wit: he was discharged from his employment.

33.

Plaintiff's discharge was not "wholly unrelated" and was, in fact, directly related to his engaging in activity protected under the FLSA.

34.

Plaintiff's statutorily protected activity was a determinative factor in

Defendant's decision to discharge his employment.

35.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses, including lost wages and benefits, for which he is entitled to recover from Defendant.

36.

As a direct and proximate result of the retaliation, Plaintiff has suffered severe emotional distress, for which he is entitled to recover from Defendant.

37.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

      witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful;

(D)    General damages for mental and emotional suffering caused by Defendant's misconduct, along with all economic damages available, including back-pay, and front-pay in lieu of reinstatement;

(E)    Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts, and as otherwise available under the applicable law;

(F)    Attorneys' fees, costs, and prejudgment interest;

(G)    Permit Plaintiff to amend his Complaint to add additional claims if necessary;

(H)    Award Plaintiff such further and additional relief as may be just and appropriate.

**BARRETT & FARAHANY**

<u>/s/ TK Smith</u>
Tequiero M. "TK" Smith
Georgia Bar No. 199325
*Attorney for Corey Baines*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
tksmith@justiceatwork.com